**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT NORSE, | No. 13-16432 |
| Plaintiff - Appellant, | D.C. No. 5:02-cv-01479-RMW |
| v. | |
| CITY OF SANTA CRUZ; CHRISTOPHER KROHN, individually and in his official capacity as Mayor of the City of Santa Cruz; TIM FITZMAURICE; SCOTT KENNEDY, individually and in his official capacity as a member of the Santa Cruz City Council; LORAN BAKER, individually and in his official capacity as Sergeant of the Santa Cruz Police Department, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Submitted April 1, 2015[**]
San Francisco California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: SCHROEDER, O'SCANNLAIN, and TASHIMA, Circuit Judges.

Robert Norse appeals the district court's denial of his motion for a new trial after a jury verdict in favor of the defendants. This 42 U.S.C. § 1983 case has been before us previously, and the parties are familiar with its lengthy procedural history. *See Norse v. City of Santa Cruz*, 629 F.3d 966 (9th Cir. 2010) (en banc). The en banc court remanded the case to the district court for a trial on the merits, and the district court presided over a six-day jury trial.

The jury's verdict was that the defendants did not violate Norse's First and Fourth Amendment rights on either of the two occasions in question, when he was ejected from Santa Cruz City Council meetings in 2002 and 2004. The only question raised on appeal is whether the district court abused its discretion in determining that the jury verdict was not contrary to the clear weight of the evidence, a high standard for appellant to surmount. *See Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010) ("[W]here the basis of a Rule 59 ruling is that the verdict is not against the weight of the evidence, the district court's denial of a Rule 59 motion is virtually unassailable. In such cases, we reverse for a clear abuse of discretion only where there is an absolute absence of evidence to support the jury's verdict.") (internal quotation marks and citation omitted). Norse cannot meet that burden.

Videos were introduced with respect to both incidents. Witnesses testified as to each. Although Norse engaged in expressive conduct in both meetings, the evidence also showed he was a part of obstructive conduct that interrupted the meetings. The jury found that his ejection from the meetings was on account of the disruptive conduct, not on account of his speech. There is sufficient evidence to support that verdict.

Similarly, the jury's finding that the arrests were reasonable is not contrary to the weight of the evidence. The arrests came after Norse was ordered to leave the meeting and refused to do so. Thus, there was probable cause to believe that Norse disrupted a public meeting, in violation of Cal. Penal Code § 403.

The district court did not abuse its discretion in denying Norse's motion for a new trial.

**AFFIRMED**.